UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

United States of America            )
                                    )
        v.                          )    Docket No. 5:04-cr-00425-OLG
                                    )
(2)  Jimmy Zavala,                  )    San Antonio, Texas
(3)  Santos Yanez,                  )    October 20, 2004
(5)  Johnny Garcia-Esparza,         )
(6)  Fernando Espinoza,             )
(7)  Roger Rodriguez,               )
(8)  Alfredo Munoz,                 )
(9)  Ricardo Saenz,                 )
(11) Joe Anthony Perez,             )
(13) David Merlo,                   )
(14) Maria Elena Flores,            )
(16) Jesse Ramirez,                 )
(17) Sammy Garcia,                  )
(19) Cleto Gonzales,                )
(20) George Estrada,                )
(21) Albert Delgado,                )
                                    )
        Defendants.                 )
_____ )

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE ORLANDO GARCIA
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE GOVERNMENT:
Joey Contreras
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216

FOR DEFENDANT JIMMY ZAVALA:
Blas Hernandez Delgado, Jr.
Law Offices of Blas H. Delgado, Jr.
2806 Fredericksburg Road, Suite 116
San Antonio, TX 78201

Joel Perez
Attorney at Law
14546 Brook Hollow Blvd. PMB #427
San Antonio, TX 78232

FOR DEFENDANT SANTOS YANEZ:
Joseph Anthony Hernandez
Hernandez & Hernandez
732 Culebra
San Antonio, TX 78201

FOR DEFENDANT JOHNNY GARCIA-ESPARZA:
Edward Camara, Jr.
Law Offices of Edward Camara, Jr.
P.O. Box 6130
San Antonio, TX 78209

FOR DEFENDANT FERNANDO ESPINOZA:
Daniel P. McCarthy
McCarthy Law Firm, P.C.
17339 Redland Road
Suite 100
San Antonio, TX 78247

FOR DEFENDANTS ROGER RODRIGUEZ AND JESSE RAMIREZ:
Alex J. Scharff
Law Offices of Shawn Brown
540 South Saint Mary's St.
San Antonio, TX 78205

FOR DEFENDANT ALFREDO MUNOZ:
Jon R. Disrud
Law Offices of Jon R. Disrud
13750 San Pedro, Suite 290
San Antonio, TX 78232

FOR DEFENDANT RICARDO SAENZ:
Michael J. Morris
Morris & Bermudez, PLLC
707 N. Walnut Avenue
New Braunfels, TX 78130

FOR DEFENDANT JOE ANTHONY PEREZ:
Byron Ernest Barnett
Attorney at Law
6838 San Pedro Avenue
San Antonio, TX 78216

FOR DEFENDANT DAVID MERLO:
Pablo Uresti
Pablo Uresti, Lawyer
2302 N. Zarzamora Street
San Antonio, TX 78201-5407

FOR DEFENDANT MARIA ELENA FLORES:
Richard Emil Langlois
Langlois & Brooks
217 Arden Grove
San Antonio, TX 78215

FOR DEFENDANT SAMMY GARCIA:
Christopher Brien Weixel
Law Office of Christopher Brien Weixel
814 West Hildebrand
San Antonio, TX 78212

FOR DEFENDANT CLETO GONZALES:
Jesse Guadalupe Rivera
Law Offices of Jesse G. Rivera
2611 San Pedro
San Antonio, TX 78212

FOR DEFENDANT GEORGE ESTRADA:
Thomas H. Morris, III
P.O. Box 87
1010 Tommy Ln
La Vernia, TX 78121

FOR DEFENDANT ALBERT DELGADO:
Karl A. Basile
Attorney at Law
P.O. Box 5380
San Antonio, TX 78201

COURT RECORDER:       Tape Recording of Official Court Reporter
                      Maurice West - Retired

Proceedings reported by official court reporter Maurice West
(Retired).  Transcript produced by computer-aided transcription
from audio cassette recording.

Status Conference – October 20, 2004

*(October 20, 2004)*

THE COURT:  Okay.  Good morning, everyone.  This is Cause Number 04-425.  As I call the defendant's name, if the attorney representing that defendant will just please rise and tell me that you're here.  What I'd like to do, also, is find out if there are any pending motions that have been unresolved as of today or whether you're going to be filing any motions anytime soon.

U.S. versus Jimmy Zavala.  Mr. Delgado.

MR. DELGADO:  Yes, Your Honor.  Present.

THE COURT:  Okay.  And you have -- I see that you have three or four pending motions.

MR. DELGADO:  Yes, Your Honor.  And our discovery is about 75 to 80 percent completed.  And assuming that that evidence comes in to us, of course, we may have some more motions, depending on what comes out of that evidence.

THE COURT:  Okay.

MR. DELGADO:  But I think the government -- the case is being reviewed by Washington for some other possible situations, that the government could probably enlighten you on that.

THE COURT:  And what are those issues, Mr. Contreras?

MR. CONTRERAS:  Your Honor, there's an allegation of a murder in the indictment against Mr. Zavala.  DOJ policy requires that I notify our Capital Crimes Unit in D.C. and send

Status Conference – October 20, 2004

them a packet.  And they will direct me whether to seek the death penalty or not.

THE COURT:  Is the government seeking --

MR. CONTRERAS:  No.  The decision is made by Department of Justice.  Right now, it's under review.  I talked to them yesterday, and they asked if they could -- to inform the Court that they will take about 60 days to complete their review.

THE COURT:  All right.  That being said, Mr. Delgado, it appears then -- necessity, there might -- you might be requesting a continuance; is that correct?

MR. DELGADO:  There's one on file, Your Honor.

THE COURT:  Huh?

MR. DELGADO:  There's one on file, Your Honor.

THE COURT:  Okay.  Great.  Okay.  Thank you.

U.S. versus Santos Yanez.  Mr. Hernandez, any pending motions?

MR. HERNANDEZ:  No, Your Honor.  Discovery review is only about 50 percent completed.  I anticipate that we will be filing some.

THE COURT:  Some motions?

MR. HERNANDEZ:  Yes, Your Honor.

THE COURT:  All right.  U.S. versus Johnny Garcia-Esparza.  Mr. --

MR. CAMARA:  I'm here, Your Honor.

Status Conference – October 20, 2004

THE COURT:  Okay.  Yes.  I see you have two motions to suppress, along with a motion to continue the deadlines and the trial.  Is that the only pending motions you have?

MR. CAMARA:  Yes, sir, at the preset time.

THE COURT:  And so you're seeking a continuance?

MR. CAMARA:  Yes, I am.

THE COURT:  Okay.  All right.  Thank you.

Mr. -- oh, how much discovery have you received?  Have you received the bulk of it yet?

MR. CAMARA:  No, I haven't.

THE COURT:  Okay.  Mr. Contreras, what about the discovery requests?

MR. CONTRERAS:  I feel we're in compliance.  We are in compliance with the Court's discovery order.  What we've done, Your Honor, is set up a room next door to the Federal Building, has all the DEA/police reports and all of the recordings and transcripts.  And, in fact, all the physical evidence is there.  What we're -- it's very bulky.  It's a lot.

And I believe Mr. Camara's still going through it.  And it's defendant by defendant.  If anybody makes additional requests, we'll see what we can't do to comply.

THE COURT:  Do you have -- do you have all of it compiled in one location --

MR. CONTRERAS:  Yes.

THE COURT:  -- where an attorney can go and look at

Status Conference – October 20, 2004

all -- look at all of it at the same time?

MR. CONTRERAS:  Yes.  They just need to make an appointment with Special Agent Sanford.  And we've given them the number.  And if any issues arise, we just ask that they let us know.

THE COURT:  Is someone there available all the time?

MR. CONTRERAS:  No.  They just need to make an appointment, and we will --

THE COURT:  Okay.  All right.  Good enough.

U.S. versus Roger Rodriguez.

MR. SCHARFF:  Your Honor, Alex Scharff for Mr. Rodriguez.

THE COURT:  Yes.  You have two motions pending.  You anticipate filing others?

MR. SCHARFF:  We might be filing some motions to suppress, or *Franks v. Delaware* motions.  But we're trying to work the case out early, Your Honor.

But as far as discovery is concerned, we've gone through most of it.  It's just that they're not allowing us to have copies of any of the transcripts or the CDs so that I can take them to the jail and have my clients listen to them.

MR. CONTRERAS:  Your Honor, literally, there would be -- there are 28 defendants.  And if we copied the entire file for every defendant -- what we -- the preferential method we prefer is that they bring to our attention something that --

Status Conference – October 20, 2004

in particular, that gives special benefit to them, we will make copies for them.

THE COURT:  And how would they know which things to ask for specifically?

MR. CONTRERAS:  Everything is available for their review to take notes.  But if there's something they think would be specially helpful to show their client --

THE COURT:  Okay.  Have you given them a list or provided a list of everything you have so they can go down that list and say, "Okay.  I want A, B and C"?

MR. CONTRERAS:  Yes.  It's arranged all chronologically.

THE COURT:  So, in other words, they have a summary for a reference to all the evidence you have?

MR. CONTRERAS:  There's not like an index, Your Honor. But the way -- the way we've chosen to do it is to arrange all reports in chronological order.  For instance, if you want to look at Count 23, look at the offense date, and you can find it very easily.

THE COURT:  You mean all the evidence pertaining to Count 23?

MR. CONTRERAS:  Yes.

THE COURT:  Is that satisfactory?

MR. SCHARFF:  The discovery room was fine, Your Honor, the way it's organized.  I mean, it's kind of like, all right.

Status Conference – October 20, 2004

Here's the transcripts over here.  It's not organized by defendant.  It's like you kind of have to wade through a whole bunch of -- you know, if you want to go over there for three hours, you'll spend about an hour and a half going through stuff, deciding that it doesn't have anything to do with your client.  I'm not complaining about that.

THE COURT:  Oh, okay.

MR. SCHARFF:  Just as far as -- getting copies of the CD-ROMs would be helpful.

But, also, as far as -- my understanding is there's a lot of cooperating individuals in this case, a lot of confidential informants.  Of course, we haven't been given any information about who they are and their criminal histories --

THE COURT:  Well, it's not likely --

MR. SCHARFF:  -- things like that.

THE COURT:  -- they're going to give you information of who the confidential informants are.  But if you think you're entitled to that information, you may file whatever necessary --

MR. SCHARFF:  Okay.  I think -- Your Honor, I'm not really -- I don't really have a beef with the government as far as discovery right now.

THE COURT:  Okay.

MR. SCHARFF:  We're plodding along.  We wouldn't be ready for trial next week.

Status Conference – October 20, 2004

THE COURT:  Are you -- okay.

MR. SCHARFF:  We're really in a conferring mode.

THE COURT:  Okay.

MR. SCHARFF:  And that's true for -- I also represent Jesse Ramirez.  And that would -- those would all be true in his case.

THE COURT:  Okay.  Now, have you had -- has the issue of a potential conflict been resolved?

MR. SCHARFF:  I don't think it's been resolved.  I think it's been resolved with Mr. Rodriguez.  I don't think there's been a conflict hearing with Mr. Ramirez.  I also noticed that I'm listed as representing Cleto Gonzales.  But I believe Mr. Jesse Rivera is representing him now.  And I know he's been -- I mean, I don't represent him anymore.

THE COURT:  All right.  So if necessary, we'll refer the matter to the magistrate to resolve any potential conflict issues.

MR. SCHARFF:  Okay.

THE COURT:  Okay.  And then Mr. -- U.S. versus Alfredo Munoz.

MR. DISRUD:  Good morning, Your Honor.  Jon Disrud for Mr. Munoz.  We're still conducting discovery.

THE COURT:  Okay.  Any pending motions?  Or, I guess, you may be filing some at the conclusion of your discovery?

MR. DISRUD:  Yes, Your Honor.

Status Conference – October 20, 2004

THE COURT:  Okay.  Are you ready for trial next week?

MR. DISRUD:  No, Your Honor.

THE COURT:  Okay.  All right.  Thank you.

U.S. versus Ricardo Saenz.

MR. MICHAEL MORRIS:  Good morning, Your Honor.  Mike Morris for Ricardo Saenz.

THE COURT:  All right.

MR. MICHAEL MORRIS:  We've put some discovery requests in writing to the AUSA.  I think he got them sometime last week, probably hasn't had an opportunity to respond to them. They're just requesting physical transcripts.

THE COURT:  And are you currently engaged in any discussions --

MR. MICHAEL MORRIS:  We are.

THE COURT:  -- with the U.S. Attorney?

Okay.  Are you ready to proceed to trial?

MR. MICHAEL MORRIS:  We're not, Your Honor.

THE COURT:  All right.  Thank you.

MR. MICHAEL MORRIS:  Thank you.

THE COURT:  U.S. versus Joe Anthony Perez.

MR. CONTRERAS:  A plea agreement was just filed this morning, Your Honor.

THE COURT:  All right.  Thank you very much.  That's all I need to --

MR. BARNETT:  I had a plea pending, but -- I mean, a

Status Conference – October 20, 2004

motion pending.  But it's moot now.

THE COURT:  Resolved.

Okay.  U.S. versus David Merlo.

MR. URESTI:  Pablo Uresti for Mr. Merlo.

THE COURT:  Any pending motions, Counselor?

MR. URESTI:  I think you've addressed all of them up to this point.

THE COURT:  Okay.  Are you currently engaged in any discussions with the prosecution?

MR. URESTI:  We're engaged in discussion, and we're also awaiting a transcript on, I believe it's three audiotapes.

THE COURT:  Are you going to -- are they going to be provided, Mr. Contreras?

MR. CONTRERAS:  The agent says she has a copy.  So we'll be accommodating.

THE COURT:  Okay.  All right.  Thank you.

U.S. versus Maria Elena Flores.  Mr. Langlois.

MR. LANGLOIS:  Good morning, Your Honor.

THE COURT:  Good morning.

MR. LANGLOIS:  So if I go to trial this week, that means I have a severance from all the other defendants?  Is that what happens?

THE COURT:  Not likely.

MR. LANGLOIS:  Oh.

THE COURT:  Let me ask you this.  Any pending motions?

Status Conference – October 20, 2004

Have you -- how much discovery have you received?

MR. LANGLOIS:  We got discovery at the detention hearing, Your Honor.  We are negotiating.  And I think we'll have a plea agreement reached by the end of the week.

THE COURT:  Okay.  Thank you, Mr. Langlois.  U.S. versus Jesse Ramirez.

MR. SCHARFF:  Same, Your Honor.  Filing possible motions.  We're not ready.

THE COURT:  All right.  U.S. versus Sammy Garcia.

MR. WEIXEL:  Kim Weixel, Your Honor.  We are continuing our discussions with the government.  I am not ready.  And we are probably 65, 75 percent finished with the discovery and --

THE COURT:  You say --

MR. WEIXEL:  And I -- and I would not be ready this week, Your Honor.

THE COURT:  Okay.  And you say you're involved in discussions with the government?

MR. WEIXEL:  Correct.

THE COURT:  Okay.  Thank you.

MR. WEIXEL:  May I be excused?

THE COURT:  Okay.  Yes, sir, you may.  U.S. versus Cleto Gonzales.

MR. RIVERA:  Jesse Rivera, Judge, on behalf of Mr. Gonzales.  We're not ready, and we are currently engaged in

Status Conference – October 20, 2004

negotiations.

THE COURT:  All right.  And U.S. versus George Estrada.

MR. THOMAS MORRIS:  Thomas H. Morris, appearing for George Estrada.

THE COURT:  Any pending motions?

MR. THOMAS MORRIS:  I --

THE COURT:  Do you have a motion to continue?

MR. THOMAS MORRIS:  Yes, I do, Your Honor.

THE COURT:  Okay.

MR. THOMAS MORRIS:  We're proceeding with discovery, but we're also conferring and negotiating.

THE COURT:  All right.

MR. THOMAS MORRIS:  And we would not be -- obviously, with the motion for continuance, we're announcing not ready.

THE COURT:  Okay.  U.S. versus Albert Delgado.

MR. BASILE:  Good morning, Your Honor.  Karl Basile here for Mr. Delgado.  We've reviewed most of the discovery, and we're awaiting reports, a lab result of the alleged drugs that were seized.  And we are in conversation with the U.S. Attorney for a possible agreement.  We're just awaiting a lab report.  So I'd announce not ready at this time.

MR. CONTRERAS:  We have the lab reports.  We'll hand them over this morning, Your Honor.

THE COURT:  Today?  You have them here?

Status Conference – October 20, 2004

MR. CONTRERAS:  Yes.

THE COURT:  Okay.  Great.

All right.  Thank you.

MR. BASILE:  Thank you.

THE COURT:  Okay.  Mr. Contreras, are you -- are there active discussions going on right now --

MR. CONTRERAS:  Yes, Your Honor.

THE COURT:  -- with most or all of the defendants?

MR. CONTRERAS:  Pretty much all of the defendants.

THE COURT:  Okay.  And of the 28 -- let's see.  This was an indictment with 28 people; is that correct?

MR. CONTRERAS:  Yes, sir.

THE COURT:  And one was -- one is or was a fugitive?

MR. CONTRERAS:  That's right.

THE COURT:  At least 27 of 27, how many as of today are you guesstimating have pled?

MR. CONTRERAS:  Twelve.

THE COURT:  Twelve.

MR. CONTRERAS:  Have pled or signed agreements.

THE COURT:  Okay.  In the event this matter were to go -- okay.  How many would that be then.  Twelve -- fifteen?

MR. CONTRERAS:  (Inaudible).

THE COURT:  More or less.  Okay.  Let me ask you this. In the event a trial were necessary, let's say three or four, five, six defendants, how long you anticipate at trial?

Status Conference – October 20, 2004

MR. CONTRERAS:  Four to six weeks.

THE COURT:  All right.  Okay.  Given that several defendants have requested continuance and given that the Department of Justice still needs to make a ruling on Mr. Zavala's case, in addition, he has a motion for continuance, that motion will be granted.

The matter will now be set for February 7th of 2005, 9:30.  Jury selection will begin that day.

And do you anticipate, Mr. Contreras, asking for sentencing dates, for those who have pled, prior to February -- prior to the trial date, or you going to want them all sentenced at the same time after the trial date?

MR. CONTRERAS:  No.  I think that we can proceed on a regular schedule.  I don't think we need to delay.

THE COURT:  You mean including prior to the trial date?

MR. CONTRERAS:  Yes.

THE COURT:  Okay.  All right.  Is there any matter, Mr. Contreras, that I need to resolve on behalf of the government, from your side of the street?

MR. CONTRERAS:  No.  I think discovery is bulky, but I think it's going very orderly.  So I think we've been able to resolve that.

THE COURT:  Okay.  Is there any defense attorney here present who needs some matter resolved today, other than making

your discovery requests?

(No response)

THE COURT:  Okay.  Mr. Contreras, I think all defense counsel would be very -- wanting discovery as fast as you can get it so that they can make appropriate decisions, confer with their clients and deal -- whether to plea or not or whether to go to trial or not.  So the sooner you get that material to them, the sooner they'll be able to make these type of decisions.

Okay.  Do we have any other matter pending?

MR. CONTRERAS:  I think that covers it.

(Discussion off the record)

MR. WEIXEL:  Your Honor, only thing I wanted to clarify, apparently, there was a possibility of a capital murder that went up to the Justice Department.  I'm just curious if that pertains to all defendants or --

MR. CONTRERAS:  As it is alleged in the indictment, it could apply to all defendants.  But as a practical matter, as -- it's alleged as a sentencing enhancement.  As a practical matter, were this case to go -- proceed to trial, we'd be seeking that finding against Mr. Zavala only.

THE COURT:  What are the -- if you can disclose at this time, and I suppose it's in the indictment, what are the alleged facts in that case giving rise to a potential death penalty?

Status Conference – October 20, 2004

MR. CONTRERAS:  That a victim was shot and murdered as a -- in furtherance of the conspiracy, the drug conspiracy alleged in Count 1, and that the actual triggerman is Mr. Zavala, and that he murdered that victim in furtherance of the drug conspiracy.

THE COURT:  And do you believe you have sufficient proof to establish that, and the only thing we're awaiting then is for DOJ?

MR. CONTRERAS:  Yes.

THE COURT:  Okay.  Any way you can get DOJ to rule or -- (inaudible) 60 days?

MR. CONTRERAS:  I asked them that.  And I think that's the pace in D.C., Your Honor.  I think -- I don't know.

THE COURT:  Okay.  Well, maybe we can help them along.

MR. CONTRERAS:  Maybe so.

THE COURT:  Okay.  I failed to call -- by accident, failed to call U.S. versus Fernando Espinoza.  Mr. McCarthy.

MR. McCARTHY:  Good morning, Judge.  We're reviewing discovery, and we have no motions pending that you've not already ruled upon.  And we are negotiating with the government.  So we're moving along with the case.

THE COURT:  And you, likewise, are not ready for next week?

MR. McCARTHY:  No.  We're not ready.

THE COURT:  All right.  Thank you.

Status Conference – October 20, 2004

This might be an opportunity for some of defense counsel to talk to Mr. Contreras or the agent about anything that you need to talk with them today or set appointments to visit -- yes, sir.

MR. PEREZ:  Your Honor, Joel Perez and Blas Delgado for Mr. Zavala.  Mr. Zavala was moved to Crystal City, Judge.  And it's creating a problem for us as far as being able to confer with him.

THE COURT:  Okay.

MR. PEREZ:  They also have a certain set of rules over there that impedes our ability to --

THE COURT:  Make it difficult?

MR. PEREZ:  Yes.

THE COURT:  Okay.

MR. PEREZ:  And I just think, either -- they can either move him back to San Antonio or I'm sure there's a closer --

THE COURT:  Or closer.  Okay.

MR. CONTRERAS:  May I respond, Your Honor?

THE COURT:  Yes.

MR. CONTRERAS:  Mr. Zavala -- while that decision was made by the U.S. Marshals, I'm aware of one of -- some of the factors.  Mr. Zavala, when he was in Wackenhut, was the highest risk prisoner there and was, in fact -- was involved in an escape attempt.  That's why he was moved.

And when he is in Wackenhut, because of the presence of so many fellow Mafia members, it increases the danger so much because it's our belief that he has the highest leadership position in the Mexican Mafia. And that is, I understand, an inconvenience, and I regret that. But as far as the security factor, I think that the marshals made that decision based completely on that.

THE COURT: Okay.

MR. PEREZ: Judge, he --

THE COURT: I'll confer with the Marshal Service, see if there's any other location other than Wackenhut. Okay. Is that -- the government's interest is that he not be placed in Wackenhut?

MR. CONTRERAS: Yes, Your Honor.

THE COURT: If there is some other secure place, closer to San Antonio, the government would have no objection?

MR. CONTRERAS: We would defer to the marshals on that issue.

THE COURT: Okay. All right. Anything else we need to resolve, Mr. Delgado?

MR. DELGADO: No, Your Honor.

THE COURT: Okay. You might use this opportunity -- in fact, I'll have you stay here for another 30 minutes, or if you wish to stay here longer, to confer with the Assistant U.S. Attorney or the agent, you may do so.

Status Conference – October 20, 2004

The motion to continue will be drafted as I said.  Trial is set February 7th of next year, 9:30.

And, Mr. Contreras, if you'll keep me informed as to the number of persons that are pleading, on a weekly basis, so that we can accommodate any necessary arrangements for trial.  If there is a trial, we will go to trial on that day.  We will take as long as the government needs or a defendant needs to try this case.

MR. CONTRERAS:  We will, Your Honor.  We'll keep the Court apprized through the clerk.

THE COURT:  All right.  Thank you.  I'll be excused.

* * *

*(Hearing adjourned)*

Status Conference – October 20, 2004

-oOo-

I, court approved transcriber, certify that the foregoing is a correct transcript from the audio recording of the proceedings in the above-entitled matter.

Date:  6/2/2022        /s/ Chris Poage
                       Approved Transcriber